IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIZABETH PEPE,

    Plaintiff

v.                                                                                CIV 18-0476 SCY/KBM

CASA BLANCA INN & SUITES, L.L.C.,

    Defendant.

## **ORDER TO AMEND COMPLAINT**

This matter comes before the Court sua sponte, following its review of the Complaint for Personal Injuries and Money Damages (*Doc. 1*), filed by Plaintiff Elizabeth Pepe on May 22, 2018. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Turk v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts in order to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." Moreover, "[a] federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

In this case, Plaintiff fails to allege the necessary facts in her Complaint to demonstrate diversity jurisdiction. First, Plaintiff has not alleged sufficient facts to determine if there is a complete diversity of citizenship between the parties. Residency

1

is not equivalent to citizenship, *see Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015), and Plaintiff only alleges that she is a resident – not a citizen – of Florida. *Doc.* 1, ¶ 1. Further, an L.L.C. is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234. Here, Plaintiff alleges that Defendant is a New Mexico limited liability company (L.L.C.) that conducts business in New Mexico and derives significant revenue from its activities in New Mexico, *Doc. 1*, ¶ 2, but she provides no information on the citizenship of Defendant L.L.C.'s members.

Additionally, Plaintiff's Complaint fails to provide any information on the amount in controversy in this matter. "In a diversity action originally filed in federal court, the court may dismiss the action for failure to meet the amount in controversy requirement only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Varela v. Wal-Mart Stores, E., Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). While "the legal certainty standard is very strict," and "[t]here is a strong presumption favoring the amount alleged by the plaintiff," *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003), here Plaintiff has not alleged an amount in controversy.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff amend her Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than June 29, 2018.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by June 29, 2018, the Court may dismiss this action without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE